IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Sunday Oguaju,           Case No. 1:14 CV 1895

      Petitioner

    v.                              **ORDER**

Eric Holder, et al.,

      Respondents

Before the Court is Christopher Sunday Oguaju's *pro se* Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2241.

As grounds for this action, Petitioner asserts that his convictions in the United District Court for the Eastern District of Michigan, Case No. 2:97 CR 80206 (conspiracy to distribute heroin, possession of heroin with intent to distribute, and felon in possession of a firearm), were based on false evidence. He also seeks to challenge an order of removal, stating that the government "can not prove at this moment that Petitioner's father was not adopted as an orphan, . . . brought to U.S. as a teenager, and has known this fact for years." (Doc. 1 at 8).

Habeas corpus petitions brought under 28 U.S.C. § 2241 address the execution of a sentence, while motions filed under 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

Moreover, section 2255 provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 F. App'x 243, 248 (6th Cir. 2001).

The petitioner bears the burden of proving that the § 2255 remedy is inadequate or ineffective. *Charles*, *supra*, 180 F.3d at 756.

With regard to Petitioner's challenge to his criminal convictions, the issues he raises must be raised either on direct appeal or in a 2255 motion. Moreover, petitioner has made no showing that a motion under § 2255 is inadequate or ineffective to test the legality of his detention.

Finally, to the extent petitioner purports to challenge an order of removal, this court lacks jurisdiction to hear such a challenge. 8 U.S.C. §§ 1252(a)(5), 1252(b)(2)(9); *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082 n.6 (9th Cir.2010).

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge